UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NUMBER: 1:11-CV-20894-JLK

NANCY PINEDA

Plaintiff,

v.

PRC, LLC
d/b/a PRECISION RESPONSE CORPORATION,

Defendant,
_____/

## ORDER OF PARTIAL DISMISSAL

**THIS CAUSE** comes before the court upon Defendants' Motion to Dismiss Counts III and IV of the Complaint (D.E. # 5), filed on April 8, 2011. Therein, Defendant seeks dismissal of Plaintiff's claims for negligent supervision and retention (Count III) and breach of implied in fact contract (Count IV).[1] (D.E. # 1). The Court is fully briefed in the matter.[2] Upon careful review of the record and applicable legal authority, the Court finds that Defendants' Motion to Dismiss Count III must be denied, and Count IV must be granted.

---

[1] The Complaint contains two additional counts that Defendant has not moved to dismiss. Count I of Plaintiff's Complaint asserts a cause of action for discrimination based on sex in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, and Count II alleges retaliation in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-3. (DE #1).

[2] Plaintiff filed her Response in Opposition (D.E. # 10) on April 25, 2011, and Defendant filed its Reply (D.E. #12) on May 2, 2011.

1

## I. Background

Plaintiff Pineda is a former employee of Defendant PRC, LLC ("PRC"). She worked for PRC as a sales representative in a call center for approximately five years. Compl. ¶7. Plaintiff was an at-will employee with no written employment contract. Plaintiff alleges that during her employment with PRC, she was continually subjected to a sexually hostile work environment by a fellow employee, Kelly Wright ("Wright"). Compl. ¶8. Specifically, Wright persistently asked Plaintiff out on dates, leered at Plaintiff in a sexual way, and touched her in a sexual way. Compl. ¶9. Plaintiff openly complained about her treatment, but did not file a formal written complaint. Compl. ¶. 10.

On September 3, 2009, Mr. Wright's advances toward Plaintiff finally culminated in a particularly egregious incident. While Plaintiff was on the telephone with a customer, "Wright, standing, pressed close to [Plaintiff], who was sitting, so that his penis was in close proximity to and aligned with her face in an overtly sexual manner." Compl. ¶ 11. Although Plaintiff asked Mr. Wright to move, he refused. Compl. ¶11. Following this incident, Plaintiff formally complained to her supervisor. Compl ¶12. After learning of Plaintiff's complaint, Mr. Wright began screaming derogatory remarks at her, and subsequently had to be removed from the office. Compl. ¶12. Plaintiff filed a written report with Defendant's Human Resources Department. *Id.* PRC took no action against Mr. Wright regarding the September 3, 2009, incident. Compl. ¶13.

Plaintiff was later disciplined and placed on final warning. Compl. ¶14. On October 27, 2009, PRC's Vice President of Client Services, Mabel Rodriquez, listened to a single sales call, and then terminated Plaintiff for failure to follow the company's

required call components. Compl. ¶15. Plaintiff's termination occurred two months after she filed her formal complaint against Wright. Compl. ¶15. Plaintiff claims the given reason for her termination was pretextual, and she was in fact fired in retaliation for her complaint against Wright. Compl. ¶ 16. Plaintiff filed this action on March 15, 2011 (D.E. #1).

## I. Legal Standard

The requirements of a motion to dismiss are well known: for the purpose of such a motion, "the Court must view the allegations of the complaint in the light most favorable to Plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom." *Omar ex rel. Cannon v. Lindsey*, 334 F.3d 1246, 1247 (11th Cir. 2003). A complaint may only be dismissed if the facts as pleaded fail to state a facially plausible claim to relief. See *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1968-69, 1974 (2007) (abrogating former "unless it appears beyond a doubt that the plaintiff can prove no set of facts" standard and replacing it with a standard requiring "only enough facts to state a claim to relief that is plausible on its face"); *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1037 (11th Cir. 2001) (en banc) ("Pleadings must be something more than an ... exercise in the conceivable."). The issue is not whether the Plaintiff will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." *Little v. City of North Miami*, 805 F.2d 962, 965 (11th Cir. 1986) (citations omitted). In arriving at its determination, a court must "limit its consideration to the pleadings and exhibits attached thereto." *Thaeter v. Palm Beach County Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006).

## II. Discussion

### A. Count III: Negligent Supervision and Retention

In Count III of her Complaint, Plaintiff asserts a cause of action for Negligent Supervision and Retention. Plaintiff claims that PRC should have realized she was being sexually harassed by Wright and taken steps to stop it. Defendant argues that Count III must be dismissed because Plaintiff has failed to allege an underlying common law tort and failed to satisfy Florida's "impact rule."

#### 1. Underlying-Common-Law-Tort Requirement

"Negligent retention and supervision occurs when, during the course of employment, the employer becomes aware, or should have become aware, of problems with an employee that indicates his unfitness, and the employer fails to take further action such as investigation, discharge, or reassignment." *Grice v. Air Prods. and Chem., Inc.*, Case No. 3:98cv205/RV, 2000 WL 353010, at *15 (N.D. Fla. Feb. 17, 2001) (citing *Tallahassee Furniture Co. v. Harrison*, 583 So. 2d 744, 753 (Fla. 1st DCA 1991)). In addition, to allege a claim for negligent supervision and retention, "the underlying wrong . . . must be a common law tort." *Gutman v. Quest Diagnostics Clinical Labs., Inc.*, 707 F.Supp. 2d 1327, 1331 (S.D. Fla. 2010). Defendant PRC correctly points out that sexual harassment is not a common law tort under Florida law. *Castleberry v. Edward M. Chadbourne, Inc.*, 810 So. 2d 1028, 1030 (Fla. 1st DCA 2002) ("Florida does not recognize a common law cause of action for negligent failure to maintain a workplace free of sexual harassment.").

However, battery is a common law tort, and allegations of battery can support a claim for negligent supervision and retention. *Samedi v. Miami-Dade County*, 134 F.Supp. 2d 1320, 1353 n.30 (S.D. Fla. 2001) (Hoeveler, J.) ("Allegations of assault and battery can provide the type of underlying wrong sufficient to sustain claims of negligent supervision and negligent retention . . . . such that [these claims] are not barred from the outset."). Here, Plaintiff has adequately pled that she was touched without her consent by Defendant's employee, Wright. These allegations of battery are sufficient to support Plaintiff's claim for negligent retention and supervision.[3] Count III may not be dismissed on this basis.

### 2. Impact Rule

Florida's "impact rule" limits the availability of damages for emotional or mental injuries in negligence cases. The Third District Court of Appeal aptly explained the impact rule in *Eagle-Picher Industries, Inc. v. Cox*, 481 So. 2d 517, 526 (Fla. 3d DCA 1986):

> In Florida, the prerequisites for recovery for negligent infliction of emotional distress differ depending on whether the plaintiff has or has not suffered a physical impact from an external force. If the plaintiff has suffered an impact, Florida courts permit recovery for emotional distress stemming from the incident during which the impact occurred, and not merely the impact itself. If, however, the plaintiff has not suffered an impact, the complained-of mental distress must be "manifested by physical injury."

---

[3] The Court acknowledges the line of cases originating from the Middle District of Florida, beginning with *Scelta v. Delicatessan Support Servs., Inc.*, 57 F.Supp. 2d 1327 (M.D. Fla. 1999) that hold such allegations are not sufficient to support a claim of negligent supervision and retention because plaintiff's injuries are not "the result of the alleged battery." *Id.* at 1348. However, this Court declines to adopt that view. Whether the battery, sexual harassment in other forms, or both, caused Plaintiff's claimed injuries is a factual issue not appropriate for determination at this early stage in the litigation.

*Id.* Thus, if a plaintiff has suffered a physical impact, the impact rule does not apply to preclude damages. *Willis v. Gami Golden Glades, LLC*, 967 So. 2d 846, 850 (Fla. 2007) ("When an impact or touching has occurred *the rule has no application.*").

Here, Defendant argues Count III should be dismissed because Plaintiff has not alleged any physical injury giving rise to her damages. However, under Florida law, Plaintiff need not allege an actual physical injury to avoid the impact rule. "Impact" is not synonymous with "injury." Rather, "the essence of impact . . . is that [an] outside force or substance, no matter how large or small, visible or invisible, and no matter that the effects are not immediately deleterious, touch or enter into the plaintiff's body." *Eagle-Picher*, 481 So. 2d at 527. Thus, "for a plaintiff to have endured a contact sufficient to render an action sustainable, the plaintiff need only meet slight requirements." *Futch v. Wal-Mart Stores, Inc.*, 988 So. 2d 687, 629 (Fla. 1st DCA 2008) (citing *Willis v. Gami Golden Glades, LLC*, 967 So. 2d 846 (Fla. 2007)). For example, in *Willis*, a hotel patron who was robbed at gunpoint in the hotel parking lot sued the hotel for her emotional distress. 967 So. 2d at 848–9. The robber placed his gun to the plaintiff's head and patted down her body with his hands. *Id.* at 849. There was no allegation that this contact physically injured the plaintiff. *See id.* Nonetheless, the Florida Supreme Court held these instances of "actual physical contact" "more than satisf[y the] definition" of impact. *Id.* at 850–51. In so holding, the Court explained: "The impact rule is the rule of law followed in Florida applicable to cases in which the plaintiff claims mental or emotion damages but *has not sustained any physical impact or*

*contact*, unless the claim falls within one of the recognized exceptions to the rule. When an impact or touching has occurred *the rule has no application.*" *Id.* at 850.

Thus, "the impact rule bars only cases in which the plaintiff claims mental or emotional injury but has not sustained any physical contact." *Futch*, 988 So. 2d at 691 (finding plaintiff's claim for negligent infliction of emotional distress not barred if she was touched by assailants during abduction, although she conceded she was not physically harmed). Here, Plaintiff Pineda has alleged that she "sustained physical contact" at the hands of Wright. Accordingly, her claim for negligent supervision and retention is not barred by Florida's impact rule.

## B. Count IV: Breach of Implied Contract

Plaintiff alleges that she and her employer, Defendant PLC, entered into an implied-in-fact contract to the effect that Plaintiff

> would not be denied fair treatment or be terminated for reasons relating to being subjected to sexual harassment or discrimination based on sex. Such provision was implied and constituted a part of her oral agreement with Defendant. Compl. ¶ 54.

Under Florida law, "the elements of a breach of contract claim are: (1) a valid contract; (2) material breach; (3) damages." *J.J. Gumberg Co. v. Janis Servs. Inc.*, 847 So. 2d 1048, 1049 (Fla. 4th DCA 2003); *Bland v. Freightliner LLC*, 206 F. Supp. 2d 1202, 1210 (MD Fla. 2002). To allege the first element, the existence of a valid contract, a Plaintiff must show: "(1) offer; (2) acceptance; (3) consideration; and (4) sufficient

specification of the essential terms."[4] *Vega v. T-Mobile USA, Inc.*, 564 F. 3d 1256, 1272 (11th Cir. 2009).

Here, Plaintiff fails to allege any of the elements of a valid contract. Instead, she alleges in a conclusory manner that, "during the entire course of Plaintiff's employment with Defendant, an implied in fact employment agreement existed between Plaintiff and Defendant." Compl. ¶ 54. There are no allegations in the complaint regarding offer, acceptance, or consideration. *See, e.g., Davidpur v. Counne*, 972 So. 2d 891, 892 (Fla. 3d DCA 2007) (holding that an agreement to do what one is already legally bound to do is not sufficient consideration).

Furthermore, the "essential terms" alleged are merely a restatement of the law.[5] Courts have held that an anti-harassment policy that merely restates the law does not create an implied contract. *Peralta v. Cendant Corp.*, 123 F. Supp. 2d 65, 83–84 (D. Conn. 2000) ("As any promises in the [anti-discrimination] policy are a general statement of adherence to the anti-discrimination laws, standing alone, they do not create a separate and independent contractual obligation"); *Gally v. Columbia Univ.*, 22 F. Supp. 2d 199, 208 (S.D.N.Y. 1988) (finding employer's anti-discrimination policy does not give rise to

---

[4] The elements of an oral contract are the same as the elements of a written contract. *See Southtrust Bank v. Export Insurance Services, Inc.*, 190 F. Supp. 2d 1304, 1307 (M.D. Fla. 2002).

[5] Plaintiff alleges the "terms and conditions" of the agreement were:

a. Plaintiff would not be denied fair treatment or be terminated for reasons relating to being subjected to sexual harassment or discrimination based on sex.
b. defendant would not discriminate against Plaintiff on the basis of sex or allow her to be sexually harassed or retaliated against.

(DE #1 ¶ 54).

8

contractual liability). Plaintiff has failed to allege the four elements of a valid contract, and has therefore has not stated a claim for breach of contract.

Lastly, even if all elements of an oral contract were adequately pled, Plaintiff's breach of contract claim would still fail because it does not meet the requirements for enforceability under the Statute of Frauds. Florida's Statute of Frauds Section provides:

> No action shall be brought . . . upon any agreement that is not to be performed within the space of one year from the making thereof, . . . unless the agreement or promise upon which such action shall be brought, or some note or memorandum thereof shall be in writing and signed by the party to be charged therewith or by some other person by him thereunto lawfully authorized.

Fla. Stat. § 725.01. The alleged oral agreement fails to meet the requirements of the Statute of Frauds because the implied contract would not necessarily be completed within one year. Plaintiff alleges in the Complaint that she in fact worked for Defendant for over five years. Compl. ¶ 7. Accordingly, the contract Plaintiff and Defendant allegedly entered into is unenforceable, and cannot serve as a basis for a breach of contract claim.

## IV.   Conclusion

Accordingly, after a careful review of the record and the Court being fully advised, it is **ORDERED, ADJUDGED,** and **DECREED** as follows:

1. Defendant PRC, LLC's Motion to Dismiss Counts III and IV of Plaintiff's Complaint **(DE #5)** be, and the same is hereby **GRANTED IN PART AND DENIED IN PART.**

2. The Motion is **DENIED** as to Count III of the Complaint.

3. The Motion is **GRANTED** as to Count IV of the Complaint. Count IV is

hereby **DISMISSED.**

4. Defendant PRC, LLC **SHALL ANSWER Counts I, II, and III** of the Complaint within **twenty (20) days** of the date of this Order.

**DONE** and **ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 22nd day of July, 2011.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

**Cc:**

**Counsel for Plaintiff:**

**Erik A. Nelson**
Nelson & Franklin, PLLC
PH SE
407 Lincoln Road
Miami Beach, FL 33139-3029
305-381-9000
Fax: 305-381-9200
Email: nelson@nelsonfranklin.com

**George S. Franklin**
Nelson & Franklin, PLLC
21 SE 1st Avenue
Suite 704
Miami, FL 33131
305.381.9000
Fax: 305.381.9200
Email: franklin@nelsonfranklin.com

**Counsel for Defendant:**

**Clara H. Rho**
Epstein Becker & Green, P.C.

One Gateway Center
Newark, NJ 07102
Email: crho@ebglaw.com

**Patrick G. Brady**
Epstein Becker & Greene, P.C.
One Gateway Center
Newark, NJ 07102
Email: pbrady@ebglaw.com

**Robin Taylor Symons**
Gordon & Rees, LLP
Four Seasons Tower, 15th Floor
1441 Brickell Avenue
Miami, FL 33131
305-668-4433
Fax: 877-644-6209
Email: rsymons@gordonrees.com