UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 11-cv-20894-JLK

NANCY PINEDA,

    Plaintiff,

vs.

PRC, LLC,
*d/b/a* PRECISION RESPONSE CORPORATION,

    Defendant.
_____/

## FINAL ORDER OF DISMISSAL

**THIS CAUSE** comes before the Court upon Defendant's Motion for Summary Judgment (DE #32), filed July 16, 2012. Therein, Defendant seeks summary judgment in its favor and dismissal with prejudice of Plaintiff Nancy Pineda's ("Pineda") Complaint. Plaintiff did not file a response. On August 23, 2012, Defendant filed a Reply in Further Support of Its Motion for Summary Judgment (DE #37). The Court has reviewed Defendant's Motion, relevant caselaw and the record evidence submitted in support of the Motion. Based upon a thorough review of the record, the Court finds that there are no genuine issues of material fact to preclude summary judgment in Defendant's favor.

On March 15, 2012, Plaintiff Pineda filed a Complaint alleging gender discrimination, retaliation, negligent supervision and retention, and breach of implied in fact contract. Plaintiff alleges she was continually subjected to a sexually hostile work environment by a fellow employee, Kelly Wright ("Wright"); she was terminated because

she complained about the alleged sexual harassment; that Defendant acted negligently by not supervising its employees so as to insure compliance with laws against sexual harassment; and that Defendant breached an oral employment contract that included terms prohibiting harassment and discrimination. (Compl., DE #1, ¶¶8, 38, 51, 54). On July 22, 2011, this Court dismissed Plaintiff's claim for Breach of Implied in Fact Contract. (Order on Partial Mot. to Dismiss, DE #13). Defendant filed an Amended Answer and Affirmative Defenses (DE #14) on August 8, 2011. The case then proceeded along with discovery.

On the final day of motion practice, July 16, 2012, Defendant filed the instant Motion for Summary Judgment. Counsel for Plaintiff filed a Motion to Withdraw the following day, citing irreconcilable differences. (Mot. to Withdraw, DE #34). Six days later, the Court granted Plaintiff's counsel leave to withdraw and stayed all matters in the case for fourteen days to give Pineda that amount of time to find substitute counsel. (Order Granting Leave to Withdraw, DE #35). Pursuant to the Court's Order Granting Leaving to Withdraw, both the time for Plaintiff to obtain substitute counsel and the stay of the proceedings expired on August 6, 2012. *Id.* To date, Plaintiff has not retained new counsel and therefore is proceeding *pro se*. Plaintiff's Response was due on August 17, 2012. As over forty days have passed since the filing of Defendant's Motion, the Court declines to allow any further time for Plaintiff to file a Response.

Summary judgment is appropriate where the pleadings and supporting materials establish that there is no genuine issue as to any material fact and that the moving party is

entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is "material" if it may determine the outcome under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If the record as a whole could not lead a rational fact-finder to find for the nonmoving party, there is no genuine issue of fact for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The nonmoving party must show specific facts to support that there is a genuine dispute. *Id.*

By not responding to Defendant's Motion for Summary Judgment or Defendant's Statement of Material Facts, Plaintiff fails to contradict any evidence submitted by Defendant. Pursuant to Rule 56(e), the Court is permitted to consider facts cited with support by a movant but left uncontroverted by the nonmovant as undisputed for purposes of ruling on a summary judgment motion. See Fed. R. Civ. P. 56(e); see also *Head v. Cornerstone Residential Management, Inc.*, No. 05-80280-CIV, 2010 WL 3781288, at *2 n. 2 (S.D. Fla. Sept. 22, 2010) (finding that under Local Rule 7.5(d), "[u]nless a particular undisputed fact from [movant's] statement is directly addressed by [nonmovants], the [movants'] statements which are supported by evidence in the record, are deemed admitted.").

Defendant contends that summary judgment is appropriate in this matter because the undisputed facts show that Defendant did not have actual or constructive knowledge that sexual harassment was taking place but did nothing about it; Plaintiff has not shown that she engaged in protective activity; and Plaintiff cannot show any physical injury

sustained as a result of the alleged harassment. Defendant relies upon the Deposition of Plaintiff, the Declaration of Mabel Rodriguez,[1] the Declaration of Clarice Campbell[2], and the Declaration of Margarita Fiduccia[3] in support of its Statement of Material Facts. (DE #32). In its Reply, Defendant argues that in the absence of any opposition, no genuine issues of material facts exist warranting a trial on any of Plaintiff's claims. (Def.'s Reply, DE #37, at 2). The Court agrees.

The Court finds that the uncontroverted Statement of Material Facts (DE #32) and the evidence offered in the record, including the undisputed deposition testimony of Plaintiff, show that Defendant is entitled to summary judgment in its favor on all claims.

Accordingly, it is

**ORDERED, ADJUDGED and DECREED** as follows:

1. Defendant's Motion for Summary Judgment **(DE #32)** is hereby **GRANTED**.

2. Plaintiff's Complaint is **DISMISSED with prejudice**.

3. All pending motions are **denied as moot**.

4. The Clerk shall **CLOSE** this case.

---

[1] Mabel Rodriguez is Defendant's Senior Vice President of Client Services, who terminated Plaintiff for poor job performance on October 27, 2009. (Def.'s Statement of Facts, DE #32, at ¶22).

[2] Clarice Campbell was Plaintiff's team manager on two occasions while Plaintiff was assigned to Defendant's Sales Department. (Def.'s Statement of Facts, DE #32, at ¶10).

[3] Margarita Fiduccia is Defendant's Human Resources representative, who conducted an investigation in connection with an alleged incident between Plaintiff and Wright. (Def.'s Statement of Facts, DE #32, at ¶40).

**DONE** and **ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 24th day of August, 2012.

```
                              JAMES LAWRENCE KING
                              UNITED STATES DISTRICT JUDGE
```

cc:

*Plaintiff, pro se*

**Nancy Pineda**
14854 SW 140 Street
Miami, FL 33196


*Counsel for Defendant*

**Alexis Mahshie Downs**
Epstein, Becker & Green, P.C.
250 Park Avenue
New York, NY 10177
212-351-4500
Fax: 878-8631
Email: amdowns@ebglaw.com

**Arnold Richard Gellman**
4090 Laguna Street, 2nd Floor
Coral Gables, FL 33146
305-774-1700
Fax: 305-774-1705
Email: agellman@ebglaw.com

**Clara H. Rho**
Epstein Becker & Green, P.C.
One Gateway Center
Newark, NJ 07102
Email: crho@ebglaw.com
*PRO HAC VICE*

5

**Patrick G. Brady**
Epstein Becker & Greene, P.C.
One Gateway Center
Newark, NJ 07102
Email: pbrady@ebglaw.com
*PRO HAC VICE*